■ MARTHA L. GOLAR, Respondent, v LAW OFFICES OF MURRAY SCHWARTZ et al., Appellants. [749 NYS2d 522] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered March 25, 2002, in an action between attorneys to enforce a fee-splitting agreement, in favor of plaintiff and against defendants in the principal amount of $324,032.36, plus interest, costs and disbursements, unanimously affirmed, with costs.

The record supports the trial court's findings, largely conceded by defendants, that plaintiff and the first-named individual defendant entered into an oral agreement under which

defendant was to name plaintiff on his stationery as "of counsel," and plaintiff was to market defendant's employment practice, actively participate on the employment matters she generated, remain jointly responsible for the employment matters she generated until concluded, and receive one third of the net legal fee defendant received on the employment matters she generated. It further appears that the parties modified the agreement so as to reduce plaintiff's share to 22% in consideration of plaintiff's lessened involvement in the cases she generated due to outside activities. Unbeknownst to defendant at the time of the modification, plaintiff had already accepted a full-time job to commence several weeks later, and it appears that plaintiff stopped working on the matters she generated at or about the time she started the full-time job. Finally, it appears that after plaintiff started the full-time job, most of defendant's work on the matters plaintiff generated was litigation, and that, as found by the trial court, the parties did not contemplate that plaintiff, who was not a litigator, would participate in the litigation phase of the matters she generated. We reject defendant's argument that the only legal conclusion that can be fairly drawn from these facts is that plaintiff breached the of-counsel agreement by putting herself in a position that made it impossible for her to service the clients she procured, and that she therefore cannot enforce it. The term of the agreement that plaintiff was to remain jointly responsible for the matters she generated until concluded does not imply that she was to forfeit her share of the fee in such matters if she withdrew from the of-counsel relationship prior to their conclusion, and no basis exists to disturb the trial court's finding that plaintiff did all that was requested of her prior to withdrawing. We note that defendant does not challenge the agreement on ethical grounds (*see Benjamin v Koeppel*, 85 NY2d 549, 556). Concur—Buckley, J.P., Sullivan, Rubin, Friedman and Gonzalez, JJ.